Fairchild *v.* Crane.

The bill must be dismissed.

STEPHEN FAIRCHILD, executor of Scott, *vs.* AARON CRANE and others.

| | |
|---|---|
| 13 | 105 |
| 46 | 323 |
| 13 | 105 |
| 54 | 468 |

Words in a will, which if applied to real estate would create an estate tail, will vest personal estate absolutely in the legatee.

Consequently a bequest of personal property to take effect on the death of the first legatee *without issue,* or on the failure *of heirs of his body,* without other restriction, is too remote.

But it is equally well settled that a legacy of a chattel interest generally, or for life, or for any number of lives in being, and limitation over upon the failure of issue confined to *twenty-one years* after a life in being, is good.

A testator bequeathed the interest of the fund to his wife during her life, and upon her death he gave the fund to his two sisters, Eliza and Susan, in equal shares, "during their lifetime," and upon the death of either of them to the survivor, "for her lifetime;" but if both or either of them should die leaving a child or children, the share of each, "so bequeathed for her lifetime only," to go to her child or children. If one should die leaving a child or children, and the other should die leaving no child, the shares of both to go to such child or children. If both should die "leaving no heir or heirs, the shares of both to go to the children of testator's sister Augusta; but should she have no children living at the time the above bequeathed property should have lawfully gone from the possession of the testator's wife, and also from the possession of either or both of her sisters, Eliza and Susan, then the property bequeathed to become the property of all the other legal representatives of the testator.

*Held,* that the bequest over upon the death of the testator's sisters was not upon their *death without issue* or upon the *failure of issue,* but upon their dying "leaving no children," and that these terms import leaving no children at the death of the legatee.

Also, the bequest being upon the death of either of the sisters without issue "*to the survivors,*" it imports that the testator intended the bequest to take effect upon a definite failure of issue, and consequently the sisters take only the use of the fund for life.

Fairchild *v.* Crane.

*T. Little,* for complainant.

THE CHANCELLOR. The only question submitted for consideration is whether, under the terms of the will, the sisters of the testator, Eliza and Susan, took an absolute interest in the legacies bequeathed to them.

The testator bequeathed to his wife the interest of the fund in question during her life, and upon her death he gives the fund to his two sisters, Eliza and Susan, in equal shares, "during their lifetime," and upon the death of either of them to the survivor, "for her lifetime." But if both or either of them die leaving a child or children, the share of each so bequeathed for her lifetime only" to go to her child or children. If one die leaving a child or children, and the other die leaving no child, the shares of both to go to such child or children. If both die "leaving no heir or heirs," the shares of both go to the children of the testator's sister Augusta Decamp; but should she have no children living at the time the above bequeathed property shall have lawfully gone from the possession of the testator's wife, and also from the possession of either or both of his sisters, Eliza and Susan, then the property bequeathed is to become the property of all the *other legal representatives* of the testator.

By a subsequent clause of the will, the executor is directed to invest the fund on mortgage security, and to pay the interest to his wife during her life, and after her death to his sisters, Eliza and Susan, or interest and principal to their child or children, or to the child or children of his sister Augusta or other legal representatives, in conformity with the devises before made.

Nothing can be more clear, from the whole structure of the will, than that the testator designed that his sisters should take the interest only, and in no contingency the principal of the fund; that upon their or either of their death leaving children, it should go to such children, and in default of such children, to the children of his sister

Augusta, and in default of her children to all the other legal representatives of the testator.

It should be a clear and well settled rule of construction, and obvious in its application, that would operate to defeat a purpose so clearly expressed, and to give the fund absolutely to the sisters in exclusion of the subsequent legatees.

Words in a will, which if applied to real estate would create an estate tail, will vest personal estate absolutely in the legatee. *Fearne on Rem.* 341, 373; 2 *Jarman on Wills* 488; 2 *Story's Eq.* § 990; *Lyon* v. *Mitchel*, 1 *Mad.* (*Am. ed.*) 253; and, consequently, a bequest of personal property to take effect on the death of the first legatee *without issue*, or on the *failure of heirs* of his body, without other restriction, is too remote. *Fearne on Rem.* 341.

But it is equally well settled that a legacy of a chattel interest generally or for life, or for any number of lives in being, and then a limitation over upon the failure of issue, confined to twenty-one years after a life in being, is good. *Fearne on Rem.* 320, 376—8; 4 *Kent's Com.* 267.

The real question is, whether the limitation over upon the death of the testator's sisters is upon a definite or an indefinite failure of issue. If the former, the sisters take only the use of the fund for life, and the subsequent bequest is good—if the latter, the language would create an estate tail in real estate, but of the personalty it creates an absolute gift, and the limitation over is void.

The bequest over upon the death of the testator's sisters is not upon their death *without issue* or upon *the failure of issue*, but upon their dying "*leaving no children.*" These terms import not a failure of issue at any indefinite future period, but a dying without children leaving no children at the death of the legatee.

The term "children," as here used, imports not succession or limitation, but denotes the legatees who are to take on the death of the testator's sisters, *viz.* their children who may *then* be living. The term, in its natural

import, is a word of purchase, and not of limitation. *Buffar* v. *Bradford*, 1 *Atkyns* 220.

The bequest, moreover, upon the death of either of the sisters without issue is to the "*survivor*," which imports that the testator intended the bequest to take effect upon a definite failure of issue. *Den* v. *Schenck*, 3 *Halst.* 29; *Den* v. *Combs*, 3 *Harr.* 27; *Den* v. *Allaire, Spencer* 6.

In one clause of the will, that in which the property is limited over to Augusta Decamp, this language is employed, viz. "in case my two sisters die *leaving* no *heir* or *heirs*," and the limitation over is upon that contingency. But it is obvious, from the previous and subsequent provisions of the will, that the testator here used the terms *heir* or *heirs* as synonymous with *child* or *children*. The will must be construed accordingly. *Loveday* v. *Hopkins*, *Ambler* 273; *Shepherd* v. *Nabors*, 6 *Ala.* 631.

The case does not fall within the principle of *Kay* v. *The Executors of Kay*, 3 *Green's Ch. Rep.* 495.

If there were room for doubt upon the previous clauses of the will, the final disposition of the fund removes all uncertainty as to the nature of the contingency upon which the limitation over is made to depend. The direction of the testator is, that the property shall go to all his other legal representatives in case his sister Augusta should have no children living at the time that the property shall have gone from the possession of his wife and from the possession of his sisters. The gift to the children of his sister living at the time that the property shall have passed from all the prior legatees shows that all the previous bequests must have been limited upon a definite failure of issue.

The terms of the will, if applied to real estate, would not create an estate tail in the sisters of the testator, and do not vest in them an absolute right to the personalty. They take only the interest of the fund for their respective lives, and upon their deaths it goes over, in accordance with the directions of the will.

This conclusion will be found to be sustained by the following, among many other cases. *Hughes* v. *Sayer,* 1 *P. Wms.* 534; *Atkinson* v. *Hutchinson,* 3 *P. Wms.* 258; *Stone* v. *Maule,* 2 *Simons* 490.